Jeffrey Goulder (No. 010258)
Alisa C. Lacey (No. 010571)
Michael Vincent (No. 029864)
Clarissa C. Brady (No. 036312)
**STINSON LLP**
1850 N. Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Jeffrey.Goulder@stinson.com
Alisa.Lacey@stinson.com
Michael.Vincent@stinson.com
Clarissa.Brady@stinson.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>SKYLER AARON COOK,<br><br>Debtors. | Case No. 2:23-cv-01058-DGC<br><br>Case No. 2:20-bk-01730-EFB |
| JAMES E. CROSS, TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>VALLIANCE BANK, SHELBY BRUHN, and KATHERINE S. BRUHN,<br><br>Defendants. | Adversary No. 2:21-ap-00336-EFB<br><br>**RESPONSE TO DEFENDANTS' MOTION TO WITHDRAW REFERENCE,**<br><br>**AND MEMORANDUM OF POINTS AND AUTHORITIES** |

Plaintiff James E. Cross, the Chapter 7 Trustee hereby responds and objects to the Defendants' Motion to Withdraw Reference [DE 2] (the "**Motion**"). First, the Motion should be denied as untimely under 28 U.S.C. § 157(d). Second, the Motion appears to be an attempt to "forum shop" to try to, at minimum, seek to escape or toll the bankruptcy

court's scheduling orders. Third, courts have universally held that the presence of non-core issues and the mere potential for a jury trial do not mandate immediate withdrawal of the reference. Plaintiff, therefore, respectfully requests this Court deny the Defendants' request for withdrawal of reference.

This Response is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. ADDITIONAL RELEVANT FACTUAL BACKGROUND**

Judge Ballinger warned Defendants at the initial case management hearing:

> **COURT: The Court advises Mr. Layfield that the defendants may be deemed to have waived the right to object to the jurisdiction of the Bankruptcy Court unless they promptly file a withdrawal of reference.**

[Emphasis in original]. *See Minutes of Hearing held on 12/13/2022 SCHEDULING CONFERENCE*, attached hereto as Exhibit 1 (hereafter referred to as "**12/13/22 Minute Entry**").[1] Despite such warning, Defendants failed to timely file the Motion as required by 28 U.S.C. § 157(d). Defendants even permitted Judge Ballinger to conduct the *second* pretrial conference on May 16, 2023. The Motion was not filed until June 8, 2023. Defendant's Motion is untimely, as precluded by the plain language of 28 U.S.C. § 157(d), and should be denied.

The timing of Defendants' Motion should also be viewed with some skepticism. Defendants lost a lengthy Motion to Dismiss the Second Amended Complaint. Thereafter, Defendants proposed lengthy discovery and pretrial deadlines extending well into 2024, which the Court declined to follow preferring to set a scheduling order in the 12/13/22 Minute Entry on a faster basis, more (but not entirely) consistent with Plaintiff's

---

[1] In addition to the above notation, at the December 13, 2022 status hearing, Judge Ballinger discussed his willingness to conduct a jury trial in this case, consistent with Defendants' demand for a jury trial. Indeed, Judge Ballinger has considerable experience in conducting jury trials given his service as a judge on the Maricopa County Superior Court bench for many years prior to being appointed to serve as a bankruptcy court judge.

proposed case management order. Judge Ballinger did, however, grant Defendants' extraordinary request to permit Defendants to conduct up to twenty depositions. Yet, to date. Defendants have *failed to notice any* depositions at all. The parties now face a fact discovery deadline of July 31, 2023. *See* 12/13/22 Minute Entry. Defendant's filing the Motion at this time in the case gives the definite impression that the Defendants seek to forum "shop" to try to, at minimum, evade the current schedule imposed by the bankruptcy court. The Motion should be denied.

## II.   LEGAL STANDARD

Plaintiff takes no issue with Defendant's statement of the Legal Standard in the Motion.

## III.   ARGUMENT

### A.   The Motion is Not Timely.

Section 157(d) of Title 28 states as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on ***timely*** motion of any party, for cause shown. …

28 U.S.C.A. § 157 [Emphasis added].

"A motion to withdraw is timely 'if it was made as promptly as possible in light of the developments in the bankruptcy proceedings.' *Security Farms v. Int'l Bhd. Of Teamsters, Chauffeurs, Warehousemen & Helpers*, 124 F.3d 999, 1007 n. 3 (9th Cir. 1997)." *In re Don's Making Money, LLLP*, 2007 WL 1302748, at *3 (D. Ariz. May 1, 2007)). "Accordingly, a party must move for withdrawal at the first reasonable opportunity it has as evaluated within the specific factual context of the case." *In re McClure*, 2022 WL 17721587 at *3-4 (C.D. Cal. 2022) (quoting *In re GTS 900 F. LLC*, 2010 WL 4878839, at *2 (C.D. Cal. 2010). "Accordingly, the threshold determination is when Defendants first had notice of the grounds for withdrawing." *In re Eagan Avenatti LLP*, 2021 WL 5868317, at *2 (C.D. Cal. 2021). A court may find a motion to withdraw untimely when a significant amount of time has passed since the moving party had notice

of the grounds for withdrawing the reference or where withdrawal would have an adverse effect on the judicial economy." *McClure*, at *3 (quoting *Hupp v. Educ. Credit Mgmt. Corp.*, 2007 WL 2703151, at*3 (S.D. Cal., 2007).

In *McClure*, the court determined a four (4) month delay to be an untimely motion. In *Horowitz v. Sulla*, 2016 WL 5799011, at *3 (D. Haw. 2016), and in *In re Mahlman*, 149 B.R. 866, 870 (N.D. Ill. 1993), the courts found five (5) month delays untimely. In the present case, the Motion was filed about six (6) months after the bankruptcy court expressly warned the Defendants. The Motion is untimely and should be denied.

**B.     The Motion Appears to be Motivated by Forum Shopping.**

As Defendants readily acknowledge in their Motion at p. 5, when determining whether cause exists one of the considerations is the prevention of forum shopping. *Security Farms*, 124 F.3d at 1008. Defendants then pay cursory attention to this issue in the Motion at p. 12, asserting that rulings on non-core issues will be subject to de novo review by the District Court. But, that "glance" does not do justice to the pending deadlines in this case, including the factual discovery deadline set for July 31, 2023. Plaintiff submits that by filing the Motion now, Defendants seek, at minimum, to escape the deadlines set by the bankruptcy court in the 12/13/22 Minute Entry.

> Denying the motion for withdrawal of reference discourages forum shopping. Prevention of forum shopping may be promoted by declining to withdraw the reference before it is necessary. Courts have cautioned that the discretion to withdraw a reference to the bankruptcy court should be "employ[ed] [ ] judiciously in order to prevent [withdrawal] from becoming just another litigation tactic for parties eager to find a way out of bankruptcy court." *Kenai Corp. v. National Union Fire Ins. Co. (In re Kenai Corp)*, 136 B.R. 59, 61 (S.D.N.Y. 1992) (citation omitted); see also *In re Commercial Financial Services, Inc.*, 239 B.R. 586, 597 (Bankr. N.D. Okla. 1999) (quoting *In re Kenai Corp.*, 136 B.R. at 61). A party may engage in forum shopping by seeking to benefit from a different judge's understanding and application of the same laws. *In re Kenai Corp.*, 136 B.R. at 61; *In re Commercial Financial Services, Inc.*, 239 B.R. at 597.

*Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc.*, 355 B.R. 214, 224 (D. Haw. 2006).

The delay in filing the Motion, and Defendant's decision to file it now, presents

the very real concern that Defendants are looking to avoid the scheduling deadlines set by the bankruptcy court in this case on December 13, 2022. The primary looming deadline is the *July 31, 2023* deadline for factual discovery. 12/13/22 Minute Entry, **Exhibit 1**. Despite their request for up to 20 depositions in this case, Defendants have not noticed a single deposition at this date—now 5 weeks before the deadline expires.

The *Hawaiian Airlines*' caution and logic is fully applicable to this case. Having submitted themselves to the bankruptcy court setting the pretrial procedures in this case, Defendants should not be permitted to untimely try to "bail out" of the deadlines that have been set for months. Defendants' untimely Motion appears to be improperly motivated, and should be denied.

**C.  The Mere Possibility of a Jury Trial and Presence of Non-Core Claims Does Not Mandate Withdrawal of the Reference.**

While courts do consider the potential for a jury trial, they also universally hold that "[t]he fact that a jury trial has been demanded is not alone sufficient to require withdrawal of the reference." *Flores v. Gray Services LLC*, CV-14-01075-PHX-DGC, 2014 WL 4179888, at *2 (D. Ariz. Aug. 18, 2014); *see also In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007) (collecting decisions from other Circuits reaching the same conclusion); *ROI Properties LLC v. Gray Phoenix Desert Ridge I LLC*, CV-18-02421-PHX-SMB, 2019 WL 935745, at *2 (D. Ariz. Feb. 26, 2019); *Gillespie v. 100% Nat. Gourmet Inc.*, CV-14-02702-PHX-GMS, 2015 WL 736296, at *2 (D. Ariz. Feb. 20, 2015); *In re Don's Making Money, LLLP,* CV 07 319 PHX MHM, 2007 WL 1302748, at *4 (D. Ariz. May 1, 2007) (collecting cases). Indeed, the Ninth Circuit ruled that a potential jury trial in district court "does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court. Instead, the bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters." *Healthcentral.com*, 504 F.3d at 787.

Similarly, the "existence of non-core claims. . . does not divest the bankruptcy court of its ability to carry out [the] duty to issue findings of fact and conclusions of law."

*Flores*, 2014 WL 4179888, at *2. A bankruptcy court may hear "a proceeding that is not a core proceeding but that is otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1); *see also Gillespie*, 2015 WL 736296, at *2 (claims whose "outcome could conceivably have any effect on the bankruptcy estate" have "related to" jurisdiction in bankruptcy court). Additionally, all claims with a "'common nucleus of operative facts' [] would ordinarily be expected to be resolved in on judicial proceeding. *Id.* (citing *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005)).

The claims at issue in this adversary proceeding are all based on a "common nucleus of operative facts"— and all have a common goal related to the bankruptcy—the recovery of bankruptcy estate assets. The bankruptcy court has core jurisdiction over claims to recover assets. *See* 28 U.S.C. § 157(b)(2)(A & E). Defendants offer no reason to deviate from the standard procedure followed in this District: the bankruptcy court adjudicating all pre-trial proceedings, issuing rulings on issues over which the bankruptcy court has Article I authority to enter final rulings, and issuing a report and recommendation on other claims or referring the case to district court for jury trial only if such an outcome is eventually necessary.

### D. The Bankruptcy Court's Retention of Jurisdiction Is Efficient, Ensures Uniformity, and Prevents Forum-Shopping.

Courts in this District "have found that solely because the Bankruptcy Court cannot issue final judgment in a matter, judicial efficiency is not necessarily best served by withdrawing the referral of the matter." *ROI Properties*, 2019 WL 935745, at *4 (citing *ROI Properties LLC v. Gray*, No. CV-18-02522-PHX-SPL, at *3 (D. Ariz. Nov. 6, 2018) ("[T]he Court finds that allowing the court most familiar with the parties and the issues in the Adversary Proceeding to provide its recommendation to the Court best conserves judicial resources and promotes efficiency."); *Nat'l Hockey League v. Moyes*, No. CV-10-1036-PHX-GMS, 2010 WL 3719289, at *2 (D. Ariz. Sept. 15, 2010) ("Bankruptcy Court likely would still prove more efficient given its factual expertise over allegations common to [the current] action and the underlying Bankruptcy Proceeding.");

*In re Baptist Found. of Ariz.*, No. CIV 00-557-PHX-ROS, 2000 WL 35575676, at *13 (D. Ariz. June 30, 2000) ("The bankruptcy court is also busy, but its familiarity with the underlying bankruptcy action will facilitate its ability to address pre-trial matters and move the proceedings forward with maximum efficiency.")).

Even though the adversary case involves multiple non-core state claims, courts have considered that the bankruptcy court's expertise helps it adjudicate the case, as does its potential familiarity with the facts and the parties involved in the case. *In re Healthcentral.com*, 504 F.3d at 787–88 ("Only by allowing the bankruptcy court to retain jurisdiction over the action until trial is actually ready do we ensure that our bankruptcy system is carried out."); *ROI Properties*, 2019 WL 935745, at *4 ("This District recognizes the importance of promoting judicial efficiency 'due to the high case load carried by each of the district judges.'") (quoting *In re Baptist Found. of Ariz.*, 2000 WL 35575676, at *13); *Nat'l Hockey League*, 2010 WL 3719289, at *2–3; *Gorilla Companies,* 2009 WL 3241759, at *5; *Don's Making Money,* 2007 WL 1302748, at *8 ("'Courts have also recognized that it serves the interests of judicial economy and efficiency to keep an action in Bankruptcy Court for the resolution of pre-trial, managerial matters, even if the action will ultimately be transferred to a district court for trial.'") (quoting *In re Enron Corp.*, 295 B.R. 21, 28 (S.D.N.Y. 2003)).

The underlying bankruptcy case has been pending since February 2020, and has involved multiple proceedings. The bankruptcy court is familiar with the issues and circumstances in this case. Rather than observing that this familiarity aids in judicial efficiency, the Defendants now seek to depart from the forum after the underlying administrative case, and this adversary case, have been pending for years before Judge Ballinger.

**III. CONCLUSION.**

The current Motion is Defendant's untimely attempt to delay addressing the merits of the adversary case. Plaintiff respectfully suggests that this Court deny the Motion and permit the bankruptcy court to continue to handle all preliminary matters. In the event a

jury trial must be finally conducted by an Article III court, the bankruptcy court may refer the case to the District Court at such time as the case is ready for trial. Denial of the Motion follows the Ninth Circuit and District of Arizona precedent, and achieves judicial efficiency, integrity and uniformity.

RESPECTFULLY SUBMITTED this 23rd day of June 2023.

**STINSON LLP**

By: *s/ Alisa C. Lacey*
Jeffrey J. Goulder
Alisa C. Lacey
Michael Vincent
Clarissa C. Brady
1850 N. Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584

*Attorneys for Plaintiff*

CORE/3524238.0002/182693626.2

# Exhibit 1

Exhibit 1

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

# Minute Entry

### Hearing Information:

|  |  |  |  |
|---|---|---|---|
| **Debtor:** | SKYLER AARON COOK | | |
| **Case Number:** | 2:20-BK-01730-EPB | **Chapter:** | 7 |
| **Date / Time / Room:** | TUESDAY, DECEMBER 13, 2022 10:00 AM   TELEPHONIC HRGS | | |
| **Bankruptcy Judge:** | EDDWARD P. BALLINGER JR. | | |
| **Courtroom Clerk:** | DAWN SAUCIER | | |
| **Reporter / ECR:** | RUTH CARMONA | | |

### Matter:

**ADV: 2-21-00336**

**James E Cross, Trustee vs Valliance Bank & Shelby Bruhn & Katherine S. Bruhn**
RULE 16 SCHEDULING CONFERENCE
**R / M #:**   0 / 0

### Appearances:

JAMES E. CROSS, CHAPTER 7 TRUSTEE
JEFFREY GOULDER, ATTORNEY FOR JAMES CROSS
MATTHEW S. LAYFIELD, ATTORNEY FOR VALLIANCE BANK, SHELBY BRUHN, KATHERINE S. BRUHN

# Minute Entry

(continue)... 2:20-BK-01730-EPB          TUESDAY, DECEMBER 13, 2022 10:00 AM

*Proceedings:*

The Court discusses the defendants' request for a jury trial.

**COURT: The Court advises Mr. Layfield that the defendants may be deemed to have waived the right to object to the jurisdiction of the Bankruptcy Court unless they promptly file a withdrawal of reference.**

The Court discusses the parties' case management order and the disagreements with respect to deadlines.

**COURT:  IT IS ORDERED setting July 31, 2023, as the deadline for fact discovery.**

**COURT:  IT IS ORDERED setting May 3, 2023, as the deadline for disclosing anticipated expert testimony.**

**COURT: IT IS ORDERED setting September 1, 2023, as the deadline for plaintiff's expert disclosures.**

**COURT:  IT IS ORDERED setting October 2, 2023, as the deadline for defendant's expert disclosures.**

**COURT:  IT IS ORDERED setting November 30, 2023, as the deadline for rebuttal expert disclosures.**

**COURT:  IT IS ORDERED setting January 31, 2024, as the deadline for expert depositions.**

**COURT:  IT IS ORDERED setting February 29, 2024, as the deadline for dispositive motions.**

**COURT: IT IS ORDERED setting a presumptive limit of 20 depositions per side.**

**COURT:  IT IS ORDERED deferring the matter of the use of declarations for direct testimony pending a determination on the**

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)...　　2:20-BK-01730-EPB　　　　　TUESDAY, DECEMBER 13, 2022 10:00 AM

**defendants' request for a jury trial.**

**COURT: IT IS ORDERED setting a status conference for May 16, 2023, at 10:00 a.m.**