John Craiger (Bar No. 021731)
**POLSINELLI PC**
One East Washington St., Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 650-2000
Facsimile: (602) 264-7033
E-Mail: jcraiger@polsinelli.com

Matthew S. Layfield (*Pro Hac Vice*)
Michael A. Campbell (*Pro Hac Vice*)
Nick A. Griebel
**POLSINELLI PC**
100 S. Fourth Street, Suite 1000
St. Louis, Missouri 63102
Telephone: (314) 889-8000
Facsimile: (314) 231-1776
Email: mlayfield@polsinelli.com
       mcampbell@polsinelli.com
       ngriebel@polsinelli.com

*Attorneys for the Defendants Valliance Bank, Shelby Bruhn, and Katherine S. Bruhn*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: <br><br> SKYLER AARON COOK, <br><br> Debtor. | Case No. 2:23-cv-01058-DGC <br><br> Chapter 7 Proceedings <br><br> Case No. 2:20-bk-01730-EFB |
| JAMES E. CROSS, TRUSTEE, <br><br> Plaintiff, <br><br> vs. <br><br> VALLIANCE BANK, SHELBY BRUHN, and KATHERINE S. BRUHN, <br><br> Defendants. | Adversary No. 2:21-ap-00336-EFB <br><br> **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO WITHDRAW REFERENCE** |

Defendants in the above-captioned adversary proceeding, Valliance Bank ("**Valliance**"), Shelby Bruhn ("**Mr. Bruhn**"), and Katherine S. Bruhn ("**Mrs. Bruhn**," and

1

90211984.4

collectively with Valliance and Mr. Bruhn, "**Defendants**"), by and through undersigned counsel, hereby file their reply (this "**Reply**") in support of their Motion to Withdraw Reference and Memorandum of Supporting Authorities [ECF No. 2] (the "**Motion to Withdraw**"),[1] pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Local Rule 5011-1, to withdraw the reference of this adversary proceeding from the United States Bankruptcy Court for the District of Arizona (the "**Bankruptcy Court**") to the United States District Court for the District of Arizona (the "**District Court**"). In support of this Reply, Defendants respectfully state as follows:

## **REPLY**

### **I. DEFENDANTS' MOTION TO WITHDRAW WAS TIMELY**

During the hearing held on June 6, 2023, the Bankruptcy Court explicitly: (i) confirmed that it understood that Defendants did still intend to file a motion to withdraw the reference, and (ii) directed the Defendants to file the motion forthwith. Furthermore, Trustee's counsel did not object to the filing of the motion to withdraw the reference at the June 6th hearing, and he agreed with Judge Ballinger's direction that Defendants file the motion and the status hearing in the case be continued for a month. A transcript of that hearing, in relevant part, is as follows:

> Jeff Goulder (Plaintiff): . . . I had talked to Mr. Layfield earlier this morning on this point. When we were in front of you last, which was back in December of 2022, you had indicated to the defense that if they intended to move to withdraw the reference, then they needed to move forward on that. **I gather that the defendants still do intend to file that motion**, although it hasn't yet been filed.
>
> The reason that I think it's important to take up is when we, again when we were in front of you previously, we had discussion about whether we would

---

[1] Capitalized terms used herein but otherwise undefined shall have the meanings ascribed to them in the Motion to Withdraw.

2

90211984.4

have direct examination of witnesses by declaration. I had said that if the reference was going to be withdrawn and if there's going to be a trial to a jury, then I didn't see that direct exam by declaration was going to be feasible. If we are not going to have a jury trial, particularly if the trial is gonna go forward in bankruptcy court, then I'm certainly fine with that.

So, I'm just a bit unclear on where we stand on a withdrawal of the reference and if your Honor would consider one, or I guess it would be the District Court considering it, at this stage given your comments back in December.

Judge Ballinger: Well let me hear from the other side. We're now at a point where there are matters coming forward to be decided, one is pending now, that would give rise to an argument that **if reference is going to be withdrawn, this is the time to do it before there is any argument that it has been substantively waived by behavior**. But let me hear from other side about what their belief is.

Matt Layfield (Defendants): Yes, your Honor. This is Matt Layfield. As I told Mr. Goulder when we talked about a half hour ago or so, that the motion to withdraw the reference, the oversight on filing it was mine, and that it was intended to be done with discovery and that is the only reason it hasn't been done. **Everything we said at the hearing in December still holds true with respect to our request for the jury trial**, specifically with the last thing Mr. Goulder mentioned – the direct testimony versus live testimony. I mentioned to Mr. Goulder that I think that matter can be separated and still be determined after the court decides on this motion for leave to amend the complaint for the fourth amended complaint. As you know Judge, the RICO claims are sufficiently complex that I think direct testimony wouldn't benefit any party if we go forward on that part of it.

Judge Ballinger: Well, a couple of things. Here is the most important thing I heard. I heard, and correct me if I am wrong, that you do intend to request withdrawal of the reference, is that accurate?

May Layfield (Defendants): Yes, your honor.

Judge Ballinger: **Okay, and that's fine, assuming that's true, then shouldn't, and if we assume that the district court would grant that, would say alright there is a jury trial issue here and I am going to withdraw**. Now they might say we will withdrawal later and have this court get it ready, I don't know what any district judge would do. But if it's going to be withdrawn, then it seems to me that judicial officer, the one that is going to get the case, should get to give his or her input on whether or not there should be leave to amend whether or not and how testimony should proceed. And I don't want you to have to do it

3

90211984.4

twice. **So doesn't it make sense for you to agree to file that forthwith and that we kick this over for a month to see**, and you can say you want to do discovery and everything, to see what the district court is going to do?

Matt Layfield (Defendants): **Yes, your honor the way you laid that out makes perfect sense to me**.

Jeff Goulder (Plaintiff): **And your honor, for plaintiff Jeff Goulder here, I certainly agree with that.** …

Judge Ballinger: So alright, let's do this. **I am going to direct that the reference motion to withdraw be filed forthwith**, we will get a date now here that will be about 30 days out, I can't control the district court's calendar about when the district court decides to answer the question of whether they are going to keep the case. . . .

[ADV ECF No. 108, Audio Record of Hearing Held] (emphasis added).

No more than two (2) days later, on June 8, 2023, Defendants filed the Motion to Withdraw. "There is no specific time limit for applications under 28 U.S.C. § 157 to withdraw a reference to the bankruptcy court, or for motions addressed to either the district or Bankruptcy Court to transfer cases for convenience under 28 U.S.C. § 1404(a)." *In re New York Trap Rock Corp.*, 158 B.R. 574, 577 (S.D.N.Y. 1993). When not governed by a specific timetable, "timeliness ... is dependent on how parties interact; a short delay in some circumstances may be far more prejudicial than a longer one in others." *Id.*

Defendants' filing of the Motion to Withdraw was certainly timely given the circumstances of the case, the fact that the Trustee's counsel conceded that he has long been aware that Defendants intended to file such a motion, and the fact that the Trustee has failed to allege any prejudice whatsoever as a result of the filing. The court's analysis in the similar case of *In re Van Vleet*, 2009 WL 3158140, at *1 (D. Colo. Sept. 29, 2009) is instructive:

> First, I find that Defendant did not waive his right to a jury trial and that his motion is timely. Here, Defendant first requested a jury trial and a transfer to

4

90211984.4

the district court in his answer to the Complaint. Then, once the Bankruptcy Court instructed the Defendant to file a proper motion, Defendant did so. While Defendant did not file his renewed motion until ***six months after the Bankruptcy Court's order***, I do not find that the delay made the motion untimely. Based on my review of the underlying proceedings, the matter has not progressed past the discovery phase, and the trial is not scheduled for several months. Thus, I do not believe that granting Defendant's motion to withdraw the reference would prejudice the Plaintiff or cause undue delay to the proceedings. Second, I find that the reference should be withdrawn because the Defendant has a seventh amendment right to a jury trial when sued by a trustee to recover alleged fraudulent conveyances of property. (citations omitted) (emphasis added).

The court reached similar conclusions in *In re Enron Creditors Recovery Corp.*, 410 B.R. 374, 381 n. 9 (S.D.N.Y. 2008),

> As a threshold matter, Enron argues that the motion should be rejected as untimely. This argument is without merit. Putting to one side a series of technical issues with respect to whether Citigroup could appropriately have made such a motion at an earlier point, Citigroup's intention to file this motion has been made clear for a long time, and Enron can hardly claim to have been surprised or prejudiced by its filing.

*See also, In re Auto Specialties Mfg. Co.*, 134 B.R. 227 (W.D. Mich. 1990) (Motion for withdrawal of reference was not untimely, though filed nine months after first filing of claim allegedly justifying withdrawal, absent showing that defendants were prejudiced by delay).

Secondly, the Motion to Withdraw may actually have been prematurely filed, given that discovery has not yet concluded and the case has not even been set for trial. See, e.g., *In re Enron Corp.,* No. 04 Civ. 7950(NRB), 2005 WL 356856, at *5 (S.D.N.Y. Feb.15, 2005) ("[C]ourts often find it appropriate to defer withdrawing the reference until a case is trial ready.") (internal quotation omitted); *In re Adelphi Inst., Inc.*, 112 B.R. 534, 538 (S.D.N.Y. 1990) ("there is no need for withdrawal of the proceeding to an Article III court now, given the pre-trial posture of the case. The appropriateness of removal of the case to a district court

5

for trial by jury, on asserted Seventh Amendment grounds, will become a question ripe for determination if and when the case becomes trial-ready."); *In re Kara Homes, Inc.*, 2009 WL 2223035 (D.N.J. July 22, 2009) (A creditor's request to withdraw the reference for an adversary proceeding was premature; the bankruptcy court had not yet determined whether the adversary proceeding was a core or non-core proceeding); *In re Gaston & Snow*, 173 B.R. 302 (S.D.N.Y. 1994) (Motion to withdraw reference was as yet still premature, in noncore proceeding in which defendants had invoked their right to jury trial, where proceeding was still not ready for trial, and defendants failed to advance substantial argument of prejudice if their motion to withdraw was deferred until trial); *In re Ranch 1 Inc.*, 2002 WL 31175184 (S.D.N.Y. Sept. 27, 2002) (Insurer's motion to withdraw the reference to the bankruptcy court was premature, and would be denied with leave to renew, where bankruptcy court had made no determination with respect to whether Chapter 11 debtor's adversary proceeding against insurer was core or non-core). Here, Defendants timely filed the Motion to Withdraw upon the instruction of the Bankruptcy Court in order to preserve their rights.

## II. DEFENDANTS ARE NOT ATTEMPTING TO FORUM SHOP

Defendants are not attempting to "forum shop" or "escape" the deadlines set forth in the Bankruptcy Court's Scheduling Order. The Trustee's feigned outrage belies the fact that it is actually the Trustee who is attempting to disrupt the deadlines provided for in the Scheduling Order. What the Trustee fails to disclose to this Court is that he filed a Motion for Leave to Amend Complaint on May 9, 2023, seeking to add a completely novel claim for violation of 18 U.S.C. § 1962(d), under the Racketeer Influenced and Corrupt Organizations Act of 1970 ("**RICO**"). It is the Motion for Leave, not the Motion to Withdraw, that impacts

6

90211984.4

the current discovery schedule. Defendants have adamantly contested the Trustee's Motion for Leave, noting among other things, that:

> The Motion for Leave should be denied for multiple reasons. First, the Trustee applies the incorrect legal standard for leave under Rule 15, arguing that a liberal amendment standard applies, and leave should be freely given. However, the more stringent "good cause" showing under Rule 16 applies after the Scheduling Order has been entered. The Motion for Leave fails to provide any reasons for the failure to assert a new legal theory based on the same facts in three prior complaints. Second, even if the Court could find that the "good cause" standard under Rule 16 is satisfied, the Court should deny leave to amend under Rule 15 for: (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party; and (4) futility.

[ADV. ECF No. 103, pg. 2].

Prior to the Bankruptcy Court's entry of the Scheduling Order, the Trustee was fortunate enough to have been afforded the opportunities to file three prior complaints. Consequently, the Scheduling Order did not contain any deadlines for amending the complaint, as it necessarily contemplated no further amendments to the pleadings. Nevertheless, without articulating a single reason for his delay, and even admitting that no new facts or evidence were discovered, the Trustee seeks to radically alter the Court's Scheduling Order by injecting a new claim in this case during discovery.

For example, if the Trustee were granted leave to amend his complaint, Defendants would have the opportunity to move to dismiss the new RICO claim under Federal Rule 12(b)(6), the Trustee would be afforded an opportunity to file a response brief, and Defendants would have the opportunity to file a reply brief. Certainly, the fact discovery deadline would necessarily be extended during this briefing period. In addition, the hearing on the Trustee's Motion for Leave is not scheduled to be heard until July 11, 2023, only

7

90211984.4

twenty (20) days before the current close of fact discovery. Until the parties know whether the RICO claims are part of the case, there is no reasonable way to prepare to either take or defend any depositions, given the many legal elements and factual issues that may be injected into the case with the addition of new RICO claims. The deadlines in the Scheduling Order for expert witnesses and disclosure of expert witness testimony will also need to be amended if the Trustee's Motion for Leave is granted.

Furthermore, the Trustee disingenuously alleges: "Despite their request for up to 20 depositions in this case, Defendants have not noticed a single deposition at this date – now 5 weeks before the deadline expires." [Response, pg. 5]. Again, this statement is misleading to the Court, at best. The Trustee is well aware that his Motion for Leave disrupted this discovery – a fact he does not disclose to this Court. But he is also aware of his own failure to adequately collect, preserve, and produce the Debtor's communications with his partners, co-owners, and claimants in the Bankruptcy Case, the most crucial evidence in this litigation. Defendants have apprised the Trustee of this spoliation on multiple occasions, including in emails, a golden rule letter, and meet-and-confers. The Trustee fails to disclose these facts to this Court. Defendants cannot reasonably conduct depositions of the Debtor and his partners, co-owners, and claimants without one of the most crucial categories of documents - the Debtor's communications with these parties. Defendants are attempting to address this discovery failure by attempting to obtain these missing communications through subpoenas issued to various third parties, which efforts and time attendant to the investigations and review of responses alone necessitate an extension of the discovery schedule. However, if the Defendants are unable to obtain the missing communications, they will be severely

8

90211984.4

prejudiced, and may need to file a discovery motion to remedy the prejudice caused by this spoliation of evidence, including the dismissal of the Trustee's claims, adverse inferences, and sanctions. Accordingly, Defendants are not attempting to "bail out" of the discovery deadlines, as the Trustee argues. It is the Trustee's own actions and inactions that are now affecting the discovery schedule.

### III. THE TRUSTEE ONCE AGAIN APPLIES AN INCORRECT STANDARD BY ARGUING THAT WITHDRAWAL IS NOT MANDATORY

The Trustee once again applies an erroneous legal standard by conflating mandatory withdrawal with permissive withdrawal. Defendants have not argued that mandatory withdrawal is warranted in this case. To the contrary, Defendants expressly cited the permissive withdrawal standards. The Trustee is either confused, or is attempting to mislead this Court, in his argument that withdrawal is not mandatory because of a jury trial and the presence of non-core claims. While these factors do not mandate withdrawal of the reference, they are indeed strong considerations supporting permissive withdrawal. The Trustee has failed to argue that withdrawal is not permissive.

### IV. DEFENDANTS ACKNOWLEDGED THAT THE BANKRUPTCY COURT MAY RETAIN JURISDICTION FOR PRE-TRIAL MATTERS

In their Motion to Withdraw, Defendants did not demand the immediate withdrawal of the reference. To the contrary, Defendants expressly acknowledged that a district court will often allow the bankruptcy court to preside over pre-trial matters until the dispositive motions or the trial is ready to commence:

> However, Defendants are mindful that "a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court." *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007). "Instead, the bankruptcy court is permitted to

9

90211984.4

retain jurisdiction over the action for pre-trial matters," because only "by allowing the bankruptcy court to retain jurisdiction over the action until trial *is actually ready* do we ensure that our bankruptcy system is carried out." *Id.* at 787-88; *see also In re Castlerock Props.*, 781 F.2d 159, 161 (9th Cir. 1986) ("In noncore matters, the bankruptcy court acts as an adjunct to the district court, in a fashion similar to that of a magistrate or special master.").

[Motion to Withdraw, footnote 2].

Defendants filed the Motion to Withdraw pursuant to the instructions of the Bankruptcy Court and to preserve their rights. Defendants understand and appreciate that the District Court may decide to leave pre-trial matters with the Bankruptcy Court. However, Defendants have timely demanded, and are entitled to, a jury trial.

## **CONCLUSION**

Permissive withdrawal of the reference is warranted and appropriate. The Trustee's Third Complaint raises significant non-core issues that cannot be adjudicated by the Bankruptcy Court. Judicial economy is best served by withdrawing the reference of this adversary proceeding and allowing all the related, non-core claims to be adjudicated in a single forum.

WHEREFORE, Defendants respectfully request that the District Court to grant their Motion, withdraw the reference of this Adversary Proceeding to the Bankruptcy Court, and for such other Orders as the Court deems appropriate.

RESPECTFULLY SUBMITTED this 30th day of June, 2023.

90211984.4

POLSINELLI PC

By: */s/ Michael Campbell*
    Michael A. Campbell
    Matthew S. Layfield
    Nick A. Griebel

*Attorneys for Defendants Valliance Bank, Shelby Bruhn, and Katherine S. Bruhn*

I hereby certify that on June 30, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

James E. Cross
Cross Law Firm, PLC
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
*Chapter 7 Trustee*

Jeffrey Goulder
Alisa Lacey
Michael Vincent
Clarissa Brady
STINSON LLP
1850 N. Central Avenue, Suite 2100
Phoenix, Arizona 85004
*Counsel for the Trustee*

James Kahn
Krystal Ahart
Bankruptcy Legal Center
Kahn & Ahart, PLLC
301 E. Bethany Home Rd., #C-195
Phoenix, AZ 85012
*Counsel for the Debtor*

Larry L. Watson
Office of the U.S. Trustee
230 N. First Avenue, Suite 204
Phoenix, AZ 85003

*/s/ Rebecca O'Brien*

90211984.4